# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 3:97CR00085 |
| v. ) | |
| ) | **OPINION** |
| **BERNARD GAYLE,** ) | |
| ) | By: James P. Jones |
| Defendant. ) | Chief United States District Judge |

*Charlene R. Day, Assistant United States Attorney, Roanoke, Virginia, for United States; Frederick T. Heblich, Jr., Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*

On August 31, 1999, the court sentenced the defendant in connection with a crack cocaine conviction. In so doing, the court considered the federal sentencing guidelines as required under 18 U.S.C. § 3553(a).

Pursuant to its statutory authority, the United States Sentencing Commission has amended the federal advisory sentencing guidelines applicable to criminal cases involving cocaine base or crack cocaine, effective November 1, 2007. On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack

cocaine may be eligible for a reduction in their current sentences, pursuant to the provisions of 18 U.S.C. § 3582(c)(2).

On February 27, 2008, the court notified the defendant and the government that the defendant was eligible for a reduction and sought input regarding the propriety of such a reduction. On March 17, 2008, the government filed a response objecting to any reduction. I subsequently appointed the Federal Public Defenders to represent the defendant, and they filed a response on the defendant's behalf on May 19, 2008. I have also received letters from the defendant. Having considered all the information contained in these filings as well as the Presentence Investigation Report ("PSR") prepared for the defendant's original sentencing, I have decided not to reduce the defendant's sentence.

The defendant pled guilty to conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 846, and six counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). In accord with his plea agreement, the defendant admitted responsibility for in excess of 1.5 kilograms of crack cocaine. Under the amended guidelines, the base offense level for 1.5 kilograms of crack cocaine is 36. The defendant received a two-level enhancement for possessing a firearm during the conspiracy; a four-level enhancement for being a leader in a conspiracy involving more than five conspirators; and a two-level enhancement for

his involvement in a car chase with police that reached speeds in excess of 100 m/p/h and resulted in a car crash and the defendant evading custody. The defendant also received a three-level reduction for his acceptance of responsibility. His Total Offense Level is 41. With a Criminal History Category of I, the amended guidelines recommend a term of incarceration of 324 to 405 months.

The guidelines in effect at the time the defendant was sentenced recommended a term of life. The defendant, however was not sentenced to a life term. Pursuant to the government's Motion for Substantial Assistance, the defendant was sentenced to 180 months.

Although it is within my discretion to further reduce this sentence, I decline to do so. The defendant was the leader of a large crack distribution organization. At the time of apprehension, he was twenty-seven years old, well beyond the age of immaturity. Furthermore, he has already received a significant reduction in recognition of his assistance to the government and has almost finished serving his sentence.

A separate judgment will be entered.

ENTER: July 30, 2008

/S/ JAMES P. JONES
Chief United States District Judge